132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter YSKAMP; CIGNA, in its individual capacity and in its
capacity as subrogee to the rights and interest of Peter
Yskamp, and in its capacity as subrogee to the rights and
interest of James E. Haldan, deceased, Petitioners,
v.
DRUG ENFORCEMENT ADMINISTRATION, Respondent.
 No. 96-70727.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1997.
Decided Dec. 15, 1997.
 
 1
 Petition to Review a Decision of the Drug Enforcement Agency, No. R1-94-0015
 
 
 2
 Before: HUG, WALLACE and HALL, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellants Peter Yskamp and CIGNA Insurance Company appeal an order of the Drug Enforcement Administration ("DEA") denying their petition for remission or mitigation of the forfeiture of a 1981 Lear Jet. CIGNA appeals in its individual capacity, and as subrogee to the rights and interest of Peter Yskamp and of James Haldan. Appellants claim jurisdiction pursuant 21 U.S.C. § 877 (1981) We dismiss the claims of Yskemp and of CIGNA, in its capacity as subrogee to Yskamp and Haldan, for lack of jurisdiction. We transfer the claim of CIGNA, in its individual capacity, to the United States Court of Appeals for the Third Circuit. 28 U.S.C. § 1631 (1884).
 
 
 5
 Yskamp assigned all of his interest in the seized aircraft to CIGNA in settlement for its $950,000 payment on his insurance claim. The $1,000,000 value listed by the DEA on its seizure notice is not a precise appraisal of the value of the aircraft and does not support his claim that he retained a $50,000 interest in the aircraft. No other evidence supports the alleged $1,000,000 value, including the proof of loss form where Yskamp failed to complete the line for the actual amount of the loss sustained by the insured. Yskamp no longer has an interest in the aircraft and is not an "aggrieved party" under 21 U.S.C. § 877 (1981). Since Yskamp has no remaining rights or interest in the aircraft, CIGNA also has no claim as subrogee to his rights and interest.
 
 
 6
 Haldan was an unsecured creditor of Yskamp at the time of seizure. Even though the August 9, 1991 security agreement between Haldan and Yskamp was later filed, the insurance policy covering the aircraft against loss by government seizure was between Yskamp and CIGNA. Yskamp's direction to CIGNA that it issue a check to Haldan for the amount of Yskamp's indebtedness does not transform Haldan into a party to the insurance policy or the subrogation agreement. After the foreiture Haldan's estate asserted an interest in payment, of the secured debt, not in the aircraft. Since Haldan did not assert an interest in the aircraft and there is no relationship between CIGNA and Haldan, CIGNA has no basis to bring a claim as subrogee to the rights and interests of Haldan against the DEA for forfeiture of the aircraft.
 
 
 7
 Finally, jurisdiction is not proper in this court over CIGNA's claim, in its individual capacity. CIGNA's principal place of business is located in the jurisdiction of the Third Circuit, Court of Appeals. Under 21 U.S.C. § 877, CIGNA may pursue its claim only in the Court of AppeaLs for the District of Columbia or for the Third Circuit. To cure this jurisdictional defect we may transfer the action to any court in which it could have been brought at the time it was filed 28 U.S.C. § 1631. We, therefore, transfer,r CIGNA's petition for review to the Third Circuit Court of Appeals.
 
 
 8
 The claims of Peter Yskamp and of CIGNA, in its capacity as subrogee to the rights and interest of Yskamp and of Haldan, are DISMISSED. CIGNA's claim in its individual capacity, is TRANSFERRED to the United States Court of Appeals for the Third Circuit.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3